SECURITY STATE BANK OF BENSON v. A. F. NELSON.[1]

May 20, 1927.

No. 26,009.

**Partner who retired from firm liable for money previously loaned to it when lender had no notice of his retirement.**

Plaintiff loaned money to a partnership, taking the latter's promissory note. The money was used for partnership purposes. Subsequently appellant sold his interest in the partnership to another member thereof. Neither actual nor constructive notice was given plaintiff of this sale. Thereafter the note was renewed and also another loan made to the partnership before receiving knowledge of defendant's sale of interest. It is *held*: There was no error in directing a verdict in favor of plaintiff.

Partnership, 30 Cyc. p. 670 n. 24; p. 671 n. 35; p. 675 n. 49, 51.

See note in 4 L. R. A. (N. S.) 800; 20 R. C. L. 964; 5 R. C. L. Supp. 1133.

Defendant appealed from an order of the district court for Swift county, Qvale, J., denying his motion for a new trial. Affirmed.

*John I. Davis*, for appellant.

*C. A. Fosnes* and *John C. Haave*, for respondent.

HOLT, J.

The appeal is from the order denying defendant Nelson's motion for a new trial, a directed verdict for plaintiff having been returned.

The short facts are these: On February 3, 1922, seven persons, appellant being one, signed an agreement forming a "joint partnership to do business under the name of Cash Sales Co." The declared purpose was to buy the stock of the Benson Mercantile Company and close it out. Each person was to pay in $500 and be an equal partner. It was stated in the agreement that Christ Hagen, one of the members, should be manager, also that the first available money should be paid on a note given plaintiff for funds borrowed

[1]Reported in 214 N. W. 51.

to buy the stock. It appears the stock was bought and a note given plaintiff for $5,000 to help pay for the same. This note was renewed January 4, 1923. There have been some payments thereon. Another note for $4,000 was given June 13, 1923, for money loaned by plaintiff to the partnership and used in its business. There have been part payments on this note also. The defense was, in substance, that appellant sold his share in the partnership to Hagen in April, 1922; also that the partnership did not confine the business to selling out the stock bought, but replenished the same and so continued to do business. There was no claim that the money loaned by plaintiff went to the use of any one else than the partnership; nor that any notice was ever given plaintiff that appellant had transferred his interest therein. Indeed, all the partners save Hagen testified to not being informed of appellant's deal with Hagen until in April, 1923.

It being established by a written agreement executed by appellant that a partnership was formed of which he became a member, and that plaintiff received the notes of the partnership for money loaned the firm, it follows that all the partners are liable on such notes, since neither actual nor constructive notice was had by plaintiff of any change in the partnership. This is so elementary that we refrain from a discussion or citation of authorities. There is no evidence that plaintiff was ever notified of any supposed limitation to the scope of the partnership business. The natural inference would be that the buyer of a mercantile stock in a place like Benson would continue the business theretofore carried on there. Nor can there be any defense in the fact that, when the loans were obtained from plaintiff, it was not willing to have appellant as an indorser or guarantor on the partnership notes since it already had appellant's obligations to the full extent permitted by law. Concede that a change in the personnel of a partnership dissolves it, neither G. S. 1923, § 7412, (§ 29 of the uniform partnership act) nor any other provision in that act furnishes a defense to these notes. On the contrary, (I) of subd. (b) of (1), § 7418, G. S. 1923 (§ 35 of the act), clearly entitles plaintiff to recover as one who "had extended credit

to the partnership prior to dissolution and had no knowledge or notice of the dissolution." The authorities cited by appellant are not applicable to the undisputed facts, nor do they indicate an available defense upon such facts. We see no issue whatever to go to the jury, and the learned trial court was clearly right in directing a verdict in favor of plaintiff.

The order is affirmed.